IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DR. CAMILLE KAMGA,<br><br>      Plaintiff,<br><br>      v.<br><br>THE UNITED STATES,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 26-870C<br>)  (Chief Judge Matthew H. Solomson)<br>)<br>)<br>)<br>) |

**JOINT MOTION TO STAY THE CASE**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims (RCFC), plaintiff Dr. Camille Kamga and defendant the United States respectfully request that the Court stay this matter pending the resolution of district court proceedings in *Kamga v. DOT, et al.*, No. 1:26-cv-5292-DLC (S.D.N.Y.). *See* S.D.N.Y. Compl., Exhibit (Ex.) 1. In that case, plaintiff asks the district court for equitable relief arising from the Department of Transportation's (DOT) allegedly improper establishment of new priorities and resulting allegedly unconstitutional and unlawful termination of Dr. Kamga's Social and Economic Mobility for People And Communities through Transportation (SEMPACT), discussed *infra*. Ex. 1 at 31-32. In this case, the same plaintiff asks the Court to decide the lawfulness of DOT's termination of the same SEMPACT grant agreement, and to award damages for the alleged unlawful termination. Compl. at 26, ECF No. 1.

Plaintiff is thus requesting two forms of largely mutually exclusive judicial relief in two Federal courts. If plaintiff obtains a final district court order requiring DOT to reinstate the grant, this Court may have no reason to decide the lawfulness of DOT's grant termination or related damages claims. On the other hand, if DOT prevails in the district court case, either on

jurisdiction or on the merits, this Court can then determine the lawfulness of the termination under the grant and any related damages. Thus, principles of judicial economy strongly favor a stay.

If the Court denies our motion to stay, the United States respectfully requests that the Court extend the deadline to respond to the complaint (currently August 14, 2026) to 14 days from the date of the denial of a stay. This would be the United States' first request for an extension of the response deadline. Plaintiff indicates that he consents to this request.

Pursuant to paragraph 22(b) of Appendix E of the RCFC, Amy Powell, counsel for plaintiff, has stated that she has reviewed this document and consents to its filing.

## BACKGROUND

Congress created the University Transportation Center (UTC) Program to fund transportation research at institutions of higher education approximately 40 years ago. Compl. ¶ 1. Each time Congress reauthorizes the program, DOT selects colleges and universities to serve as UTCs and awards each UTC a grant to fulfill its duties. *Id.* Congress authorized the current iteration of the UTC program in 2022 and chose the Center for Social and Economic Mobility for People And Communities through Transportation (SEMPACT) to serve as the UTC for Region 2, an area that covers New York, New Jersey, Puerto Rico, and the U.S. Virgin Islands. *Id.* ¶ 2. The SEMPACT grant agreement identified plaintiff Dr. Camille Kamga as the Center Director. *Id.* On May 2, 2025, DOT terminated the SEMPACT grant agreement and SEMPACT's Region 2 designation. *Id.* ¶ 4. Dr. Kamga initiated this action on June 12, 2026, challenging DOT's termination of the grant award. On June 23, 2026, Dr. Kamga filed his complaint in the Southern District of New York on the same set of facts. Ex. 1.

The material facts underlying each action are the same, as a comparison of the respective complaints confirms. In both actions, Dr. Kamga takes issue with DOT's decision to terminate the SEMPACT grant following the issuance of two Executive Orders. The first is Executive Order 14151, titled "Ending Radical and Wasteful Government DEI Programs and Preferencing," which was issued on January 20, 2025. Compl. ¶ 37; Ex. 1 ¶ 17. The second is Executive Order 14173, titled "Ending Illegal Discrimination and Restoring Merit-Based Opportunity," which was issued on January 21, 2025. Compl. ¶ 38; Ex. 1 ¶ 18. In both cases, plaintiff alleges that the grant termination was unlawful, though on different grounds—here, alleging breach of contract and the duty of good faith and fair dealing, and in district court, alleging agency action that is unconstitutional under the First and Fifth Amendments and unlawful under the Administrative Procedure Act as contrary to constitutional right, without observance of procedure, and in excess of statutory authority. In this Court, plaintiff seeks damages for the alleged breach of the grant agreement in this action. In contrast, plaintiff simultaneously seeks overarching equitable relief in district court based on the recent Supreme Court case, *Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2660-62 (2025) (Barrett, J., concurring), that—to the extent the court there grants plaintiff's requested relief— would (1) declare the grant termination unconstitutional and unlawful, (2) vacate DOT's establishment of new priorities and the resulting termination, and (3) enjoin DOT from enforcing or giving effect to the termination decision and from terminating grant funds in this same manner.

## ARGUMENT

This Court should stay this action pending resolution of the parallel district court action. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  When and how to stay proceedings is within the Court's sound discretion.  *Id.* at 254-55; *see Murata Machinery USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016).  The Court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.  A stay is warranted here for three reasons.

*First*, judicial economy principles strongly favor a stay of this case.  The basis for a stay is especially strong when it would "simplif[y] the issues, proof, and questions of law, which could be expected to result from a stay." *Unionbancal Corp. v. United States*, 93 Fed. Cl. 166, 167 (2010).  Thus, the Court may stay one action pending the resolution of another which, "even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved." *Landis*, 299 U.S. at 253.  Holding a case in abeyance pending related litigation conserves judicial resources.  *United States v. Quinn*, 475 F.3d 1289, 1291 (D.C. Cir. 2007).

Here, plaintiff is seeking overarching equitable relief from the district court that includes, but is not limited to, the relief sought here.  For example, if plaintiff obtains a final district court order requiring DOT to reinstate the grant agreements, it is possible that very little—if anything—would remain for this Court to resolve.  Accordingly, it would conserve the parties' and the Court's limited resources to hold this case in abeyance until the district court litigation concludes.  *Landis*, 299 U.S. at 253; *Unionbancal*, 93 Fed. Cl. at 167.

*Second*, a stay is also warranted given the possibility of conflicting orders and judgments between this action and the district court action.  *See Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356 (Fed. Cir. 2020).  If both actions continue to move forward in parallel, there

is a very real likelihood that DOT may be held to incompatible standards of conduct pursuant to different orders from two courts. For example, the district court could reinstate plaintiff's grant agreement after finding the termination unlawful, but this Court could find the termination permissible pursuant to the terms of the agreement. The prospect of conflicting orders on the very same set of grant agreements is further reason to stay this action.

*Third*, plaintiff is not prejudiced by a stay and indeed has joined in this motion. Because plaintiff's district court action could, in effect, result in the very relief sought in this case, a stay of these proceedings is not to any party's detriment. Nor is there any statute of limitations concern, as this action has already been initiated within the limitations period. And even if the district court ultimately rejects plaintiff's claims, this action can then restart at that time, with none of the difficulties in navigating overlapping relief and competing judgments that the current posture presents. Thus, "[n]o party will be prejudiced by abeyance." *State of Arizona, et al. v. EPA*, No. 25-1218, Doc. No. 2145408 at 5 (D.C. Cir. Nov. 14, 2025).

**CONCLUSION**

For these reasons, the Court should stay this action pending resolution of plaintiff's parallel district court action in *Kamga v. DOT, et al.*, No. 1:26-cv-5292-DLC (S.D.N.Y.), and order the parties to file a joint status report every 60 days during the pendency of the stay. If the Court declines to stay this action, defendant respectfully requests that the Court extend the deadline to respond to the complaint (currently August 14, 2026) to 14 days from the date of the denial of a stay.

5

Respectfully submitted,

/s/Amy Powell
Amy Powell
Kunyu Ching
Lawyers for Good Government
319 F St. N.W. Ste 301, PMB 181
Washington, DC 20004
646-246-4633
amy@lawyersforgoodgovernment.org
kunyu@lawyersforgoodgovernment.org

Kathleen Shelton (DC Bar No. 1619066)*
Margaret (Emmy) Wydman (DC Bar No.
90007646)*
Civil Service Law Center LLP
1455 Pennsylvania Ave NW, Suite 400
Washington, DC 20004
202-505-7920
kshelton@civilservicellp.com
ewydman@civilservicellp.com

*Attorneys for Plaintiff*

**pro hac vice* application on file

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

ERIC P. BRUSKIN
Assistant Director

s/ Ioana C. Meyer
IOANA C. MEYER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-0001
E-mail: ioana.c.meyer@usdoj.gov

*Attorneys for Defendant*

August 11, 2026

6