**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DR. CAMILLE KAMGA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 26-870 C<br>(Chief Judge Matthew H. Solomson) |

**PROTECTIVE ORDER**

With the agreement of the parties, and given that some of the documents produced or filed in this case will contain confidential research, development, or business information, and to promote an efficient exchange of such information, the Court finds there is good cause for issuance of a protective order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims (RCFC) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assigns. IT IS HEREBY ORDERED as follows.

This Protective Order applies to preliminary briefing pursuant to RCFC 12(b), discovery, pre-trial, trial and post-trial proceedings in this action, and shall remain in effect until rescinded.

Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit the Parties from complying with such other obligations.

Neither the termination of this Action nor the termination of employment of any person gaining access to the materials covered by this Order shall relieve such person of their obligations under this Protective Order.

Neither this Protective Order nor a party's compliance with it shall prejudice in any way any party's ability to challenge a party's assertion that a document is privileged or is properly designated as Confidential Information or is admissible in evidence at trial.

Any person subject to this Order may at any time seek modification or an exception to this Order by agreement with the Producing Party, as defined below, or, failing agreement, by motion to the Court.

## I. ORDER IMPLEMENTING FEDERAL RULE OF EVIDENCE 502(D)

Pursuant to the agreement of the parties and the authority granted this Court under Fed. R. Evid. 502(d), it is hereby ordered that a party's disclosure, in connection with this litigation,

of any communication or information covered by the attorney-client privilege or entitled to work-product protection shall not constitute a waiver of such privilege or protection either in this litigation or in any other Federal or state proceeding.

## II. CLAWBACK OF MATERIAL CLAIMED AS PRIVILEGED

If a party determines that it has produced information that it asserts is protected by the attorney-client privilege, the work-product doctrine, or other governmental privileges, the Producing Party shall give notice of that fact to the receiving party. Upon receiving such a request and without thereby waiving their right to object to the assertion of privilege, the Receiving Party shall: (1) treat the information as protected until agreed upon otherwise by the parties or determined by the Court to be not protected, and (2) immediately return the information to the producing party or, with the consent of the producing party, destroy it, and then notify the producing party when that destruction has been accomplished. If a party objects to a claim of privilege, the objecting party shall make a good-faith effort to resolve the dispute with opposing counsel before involving the Court. Within 30 days of a notice under this paragraph, the Producing Party shall provide a privilege log describing each item with sufficient particularity to permit assessment of the claim.

## III. PRIVACY ACT INFORMATION

The Privacy Act generally prohibits defendant from disclosing certain information covered by that Act to parties to whom the information does not "pertain[]," without obtaining consent of the individuals to whom the information pertains and without providing notice to such individuals. 5 U.S.C. § 552a(b); *see also id.* § 552a(d)(1). This prohibition does not apply when disclosure is authorized "pursuant to the order of a court of competent jurisdiction[.]" *Id.* § 552a(b)(11). Here, plaintiff may request defendant to disclose information and documents, of the parties or third-parties, that may contain information including, but not limited to, staff memoranda and email, which may require the disclosure covered by the Privacy Act. To facilitate the exchange of such information and to promote the "just, speed, and inexpensive determination" of this action, *see* RCFC 1, the Court orders and authorizes defendant to disclose Privacy Act material required or allowed by the Rules of this Court without first obtaining permission from the parties to whom the information pertains. Such disclosures shall be deemed authorized by law, *see* 5 U.S.C. § 552a(b)(11), and are subject to the restrictions set forth in Section IV of this order, which will help to ensure that disclosed information, otherwise protected by the Privacy Act, is used appropriately during the course of this litigation by limiting its disclosure to certain authorized individuals and providing procedures to be followed with respect to the information.

## IV. CONFIDENTIAL INFORMATION

### A. Purpose and Scope.

**1.** This section of this Order establishes rules and procedures for exchanging and identifying materials as Confidential Information for the purpose of affording them a level of confidentiality that might otherwise inhibit their exchange.

**2.** “Confidential Information” means information that, at the time of its production in discovery in the action, or its filing with the Court or disclosure through some other exchange in the action, or thereafter, is designated confidential by the Producing Party because: (a) it is personal financial, medical or other private information relating to an individual that is subject to the Privacy Act, other laws limiting the disclosure of personal information, or would properly be redacted from any public court filing pursuant to RCFC 5.2; (b) of a good faith belief that the information is sensitive business or operational information, including unpublished research, unpublished data methods, unpublished results, grant applications, project proposals and related submissions, and other proprietary or intellectual property information.

**3.** Except as otherwise provided in this order, Confidential Information shall be used solely for the purposes of this litigation, including any subsequent appeals, and shall not be disclosed to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals. Except as the parties may agree, Confidential information may be presented to the Court only under seal.

**4.** This Section does not add any condition to nor limit in any way the protections afforded by Section I (“Order Implementing Fed. R. Evid. 502(d)”) or Section II (“Clawback”) of this Order.

B. <u>Limitations on Scope.</u>

**1.** The protections conferred by this Protective Order on Confidential Information do not cover any information (i) properly in the public domain; (ii) that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (iii) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

**2.** Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

**3.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation. Except in cases involving potential criminal activity, counsel for the United States shall provide the Producing Party with 14 days advance written notice before disclosing any Confidential Information to any other agency of the

United States. Further, subject to procedures that maintain the confidentiality of Confidential Information consistent with this Protective Order as agreed to in writing by the receiving agency, nothing contained in this Protective Order shall prevent or limit in any way the use of such documents or information in any proceeding regarding any potential violation of law or regulation, except as authorized by law.

**C.** Definitions.

**1.** "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order

**2.** "Day" means calendar day unless otherwise specified.

**3.** "Designating Party" means the person or party who seeks to designate and have information treated as Confidential Information under this Protective Order.

**4.** "Disclose" (or forms thereof) means to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

**5.** "Dispose" means to take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes or similar storage systems need not be immediately deleted or destroyed; instead, such materials may be overwritten or otherwise destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine information systems and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, a Receiving Party also must take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to the Receiving Party or destroyed by the person possessing the information with written confirmation to the Receiving Party.

**6.** "Document" shall mean all items listed in RCFC 34(a)(1)(A) & (B).

**7.** "Producing Party" shall mean the person or party producing in discovery in the Action.

**8.** "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

**B. Individuals Permitted Access to Confidential Information.**

**1.** Except as otherwise provided in this Order, a Receiving Party may disclose Confidential Information only to the individuals identified in this section and only for the purpose of this litigation. Any person receiving Confidential Information is subject to this Order.

**2.** Counsel and Staff. The parties' counsel may access Confidential Information without further action. Those employed by counsel, their offices, or their firms may be given access to Confidential Information by such counsel if those personnel have first been informed by counsel of the obligations imposed by this Protective Order.

**3.** Other Support Personnel. Other support personnel (e.g., paralegals, clerical, consultants, court reporters, copying services, and administrative support personnel assisting counsel) or professional vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) may access Confidential Information, but only after they are informed of and agree with the terms of this Protective Order and acknowledge their agreement by signing and submitting to counsel Exhibit A.

**4.** Others Assisting Counsel. Independent consultants and experts assisting counsel in connection with this litigation, and witnesses to whom, for the purposes of this litigation, counsel deems disclosure to be advisable may access Confidential Information, but only after they are informed of and agree with the terms of this Protective Order and acknowledge their agreement by signing and submitting to counsel Exhibit A.

**5.** Others Requiring Access. If a party's counsel wishes to disclose Confidential Information to any person other than those indicated in this section, counsel must obtain the Producing Party's consent in writing, and then the person requiring access may access Confidential Information, but only after they are informed of and agree with the terms of this Protective Order and acknowledge their agreement by signing and submitting to the Producing Party's counsel Exhibit A.

**6.** The Court, Department of Justice, and Agency Personnel. Personnel of the Court, the Department of Justice, and affected agency are entitled to access to Confidential Information without further action but only to the extent necessary to assist in the litigation of this Action and subject to the terms of this Protective Order, except in cases of potential violation of law or regulation.

## V. PRODUCTION AND FILING OF PROTECTED INFORMATION

### A. Production of Confidential Information.

**1.** Prior to producing a document, a producing party may identify Confidential Information by affixing on each page of a printed document or on the disc or cover of any removable electronic media a Confidential Information Legend, *i.e,* the following or substantially similar language: PROTECTED/CONFIDENTIAL MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER.

**2.** For any other medium, the Confidential Information Legend must be placed by any method that conspicuously identifies the fact that it is or contains Confidential Information.

**3.** For responses to written discovery requests, place the Confidential Information Legend within each response.

**4.** For depositions, a party may but is not required to identify Confidential Information verbally on the record. Within thirty days of notice of availability of the official deposition transcript, the party making an assertion of Confidential Information will inform the other party of the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information. Until that period expires, the entire transcript, including exhibits, shall be treated as Confidential Information.

**5.** Correcting Failure to Mark. If a Producing Party fails to designate information it intends to have treated as Confidential Information, it shall promptly provide written notice to the Receiving Party. The document or information will then be subject to the provisions of this Protective Order, provided that within ten days of such notice to the other party, the Producing Party provides a new version of the information. Within 15 days of receipt of the new version, the Receiving Party shall dispose of the original information.

### B. Filing Confidential Information.

**1.** Submissions to the Court containing Confidential Information must be in two versions, a confidential version under seal and a redacted, public version. The title page and each page containing Confidential Information, including those filed electronically, shall be clearly marked with the Confidential Information Legend.

**2.** Redaction of Public Documents. The redacted, public version shall be filed electronically within seven calendar days of the filing of the confidential version under the Court's electronic case filing system. The public version shall be marked.

**3.** Use at Hearings and Trial. A party that intends to present another party's Confidential Information at a hearing or trial shall notify the Designating Party reasonably in advance, so that the Designating Party may request appropriate protections, including closing the courtroom during the presentation of that information.

## III. HANDLING PROTECTED INFORMATION

A. Safeguarding Confidential Information.

**1.** Any individual admitted under this Protective Order must take all necessary precautions to prevent disclosure of Confidential Information, including but not limited to physically securing, safeguarding, and restricting access to the Confidential Information.

B. Requests for Confidential Information by Third Parties

**1.** Subpoenas or Other Compulsory Process. If a Receiving Party is served with a subpoena, court order, or other compulsory process seeking Confidential Information designated by another party, it shall promptly notify the Designating Party in writing, provide a copy of the request, and, to the extent permitted by law, refrain from producing the Confidential Information until the Designating Party has had a reasonable opportunity to seek protection.

C. Confidential Information After Litigation Concludes.

**1.** Disposal Of Confidential Information. Except as provided below, within 90 days after this litigation has terminated, including any time for appeal, any party receiving Confidential Information shall dispose of the Confidential Information. The Department of Justice and the affected agency may each maintain the number of copies of protected material received from any producing party that is required by law, regulation, or policy.

**2.** Retention of Confidential Information. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

**3.** Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information.

**4.** In addition to retention rights described above, counsel for the United States may maintain copies of any documents designated Confidential Information as required by law.

## IV. RELIEF FROM AND BREACH OF PROTECTIVE ORDER

**A.** Objecting to the Designation of and De-designating Confidential Information.

**1.** A Producing Party may de-designate information as Confidential Information at any time by notifying the Receiving Party and furnishing a copy of the information without the Confidential Information Legend.

**2.** A Receiving Party may at any time object to the designation of information as Confidential Information. To do so, the Challenging Party shall: (1) notify the producing party, in writing, of the disagreement, explaining the basis for the challenge; and (2) confer with the Producing Party to attempt to resolve the matter. If no accord is reached, the Challenging Party may, on notice to the Producing Party, file a motion requesting that the Court order that the information be deemed not Confidential Information, setting forth the basis for the challenge. The Producing Party will then have the burden to establish that the designation is proper by a preponderance of the evidence or as a matter of law. Until the Court resolves the matter, the disputed information must be treated as Confidential Information.

**B.** Breach of the Protective Order

**1.** If a party discovers any breach of any provision of this Protective Order, the party must promptly report the breach to the other party and immediately take appropriate action to cure the violation and retrieve any Confidential Information that may have been disclosed to individuals not admitted under this Protective Order.

**IT IS SO ORDERED**.

______________________________
MATTHEW H. SOLOMSON
Chief Judge

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DR. CAMILLE KAMGA, | ) | |
| Plaintiff, | ) | No. 26-870 C |
| v. | ) | (Chief Judge Matthew H. Solomson) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**EXHIBIT A**

I, __________________ declare:

I have received a copy of the protective order in this litigation. I have examined and understand the provisions of the protective order.

I will comply with all of the provisions of the protective order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the protective order, and will not copy or use except for the purposes of this litigation, any Confidential Information (as defined in the protective order) which I receive in this action.

Executed this ________________ day of _______________

at ______________________________

I declare under penalty of perjury that the foregoing is true and correct.

______________________
[Name]